**COLUMBUS (city) et v ALKIRE et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2425.   Decided Nov 16, 1934

John L. Davies, City Attorney, Columbus, and Baxter Evans, Asst. City Attorney, Columbus, for plaintiff in error.

Ralph H. Henney, Columbus, for defendant in error.

**OPINION**

By KUNKLE, J.

The only question presented by counsel in their briefs relates to the published

notice of the passage of the resolution in question.

Defendants in error claim that the notice was defective in that it did not properly notify them of the time within which they might file objections to the estimated assessments.

Section 170 of the City Charter provides as follows:

"A notice of the passage of such resolution and of the fact that such estimated assesment has been filed, and of the time within which objections may be made, shall be served by the city clerk, or an .assistant, upon the owner of each piece of property to be assessed, in the manner provided by law for the service of summons in civil actions. If any such owners or persons are not residents of the county, or if it appears by the return in any case, of the notice, that such owner cannot be found, they shall be notified by publishing such notice at least twice in the City Bulletin. Whether by actual service or publication such notice shall be completed at least twenty days before the improvement is commenced, and the return of the officer or person serving the notice, or a certified copy of the return shall be prima facie evidence of the service of the notice as herein required."

Section 171 of said Charter also provides: "An owner of any lot or parcel so to be assessed, who objects to the amount or apportionment of such estimated assessments, shall file his objections in writing with the city clerk, within two weeks after the service of notice or completion of the publication hereinbefore provided. Any owner who fails to do so, shall be deemed to have waived any objection to such assessment, to the extent of the amount estimated."

The defendants in error are non-residents and the city sought to secure service of the passage of the resolution in question upon them, as above stated, by publication in the City Bulletin.

The first publication was made on July 19, 1930, and the second publication was made on July 26, 1930.

The two publications are alike. The publication is quite lengthy, giving in detail the names of the property owners and addresses, where known; the estimated amount of the assessments against the respective properties and recites that a resolution of necessity was adopted in acocrd-

ance with the plans and specifications on file in the office of the Division of Water in the City Hall. It also states how the assessments shall be made and that information concerning the estimated assessments would be furnished at the office of the Division of Water in the City Hall.

The notice as published on July 19, and also on July 26 contained the following provision:

"Any owner of any lot or parcel so to be assessed, who objects to the amount or apportionment of such estimated assessments, shall file his objections in writing with the City Clerk within two weeks after the date of the service of this notice.

"Any owner who fails so to do shall be deemed to have waived objection to such assessment to the extent of the amount estimated."

The only question raised by counsel relates to the time within which objections may be made. Were the defendants in error properly advised by the publication made on July 19 of the time within which they could object to such assessments?

The notice as published on said date stated that objection to the amount or apportionment of such estimated assessments should be filed in writing with the City Clerk "within two weeks after the date of the service of this notice."

Had the notice fixed the exact date within which objections could be filed or had the notice stated that objections could be filed within two weeks after the completion of the service by publication, then no question could be raised as to the legality of the notice.

We must deal with the notice as actually given.

Defendants in error insist that the notice as published on July 19th only gave them two weeks from that date in which to file objections, whereas under the provisions of the Charter they were entitled to two weeks from the date of the second publication, namely, July 26th.

We have examined with care the very exhaustive briefs which have been filed by counsel and have also considered the sections of the Code and of the Charter of Columbus which might reflect upon this question.

We shall not attempt to review the authorities in detail but from our examination of the same are of opinion that the notice as given does not comply with the legal requirements.

254

Had the notice been served personally then no question could have been raised as to the form of notice.

The Charter of Columbus provides that notice shall be published twice in the City Bulletin. We think this means that a correst notice shall be so published twice. The Charter of Columbus (§171) provides that objections in writing shall be filed within two weeks after the service of notice **or completion of the publication hereinbefore provided.** Whether there is a personal service or service by publication, such service shall be completed at least twenty days before the improvement is commenced.

Section 170 of the City Charter provides that notice shall be served upon the owner of each piece of property in the manner provided by law for the service of summons in civil actions.

A service by publication is not complete until such publication is made in the manner provided by law.

The notice as published on July 19th, states that objections in writing shall be filed with the City Clerk within two weeks **after the date of the service of this notice.**

It is conceded that defendants in error were entitled to file objections to the assessment within two weeks after July 26th and not within two weeks after July 19th.

The rule in Ohio is so well settled as to require the citation of no authorities to the effect that the provisions of the law must be strictly complied with before one's property can be taken in the form of a tax or assessment.

We can not escape the conclusion that the provisions of the law were not complied with by the notice as given and the judgment of the lower court must therefore be affirmed.

HORNBECK, PJ, concurs.
BARNES, J, dissents.

## DISSENTING OPINION

By BARNES, J.

It would seem proper that a short statement be made as to the reason for dissent from the majority opinion.

The objections to the assessment are based wholly on the claim, insufficiency of the notice by publication.

Section 170 of the City Charter, in part, reads as follows:

"If, any such owners or persons are not residents of the county, or if it appears by the return in any case, of the notice, that such owner cannot be found, they shall be notified by publishing such notice at least twice in the City Bulletin."

Section 171 of the Charter reads as follows:

"An owner of any lot or parcel so to be assessed, who objects to the amount or apportionment of such estimated assessments, shall file his objections in writing with the city clerk, within two weeks after the service of notice or completion of the publication hereinbefore provided. Any owner who fails to do so, shall be deemed to have waived any objection to such assessment, to the extent of the amount estimated."

The first part of §170 of the City Charter provides as follows:

"A notice of the passage of such resolution and of the fact that such estimated assessment has been filed, and of the **time within which objection may be made** shall be," etc.

The defendants in error were non-residents and service by publication was attempted to be had as required under the City Charter. The proof shows that the notices were published on July 19th and 26th. The following language of the published notice is criticised and in the majority opinion it is held that there was not a sufficient compliance with the law. "Shall file his objections in writing with the City Clerk, within two weeks after the date of service of this notice"—I quite agree that the phraseology is not the best, but careful analysis, in my judgment, shows a compliance with all legal requirements.

Under the provisions of the charter, service of notice by publication is not complete until the last publication is made. The word "service" as used in the publication must be construed to mean completion of service. Had this word been left out and the published notice made to read "two weeks after the date of this notice" then there would be justification for the holding in the majority opinion. We must consider that the word "service" had some purpose in being placed in the notice and the only conceivable purpose would be to give expression to legal service. As heretofore stated, legal service was not complete until two publications.

The property owners could not be prejudiced for the reason that when they saw either notice, it was their duty to investigate as to when the service was complete. The filing of their objections or claim with-

in twenty days after either publication would save their objections.

For the reasons stated, it is my judgment that the assessments against the property owners should have been sustained.